IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| HOLLY COOPER-ROELL § | |
| § | |
| V. § | CIVIL ACTION NO. G-10-359 |
| § | |
| FIDELITY NATIONAL PROPERTY AND § | |
| CASUALTY INSURANCE COMPANY § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, pursuant to 28 U.S.C. § 636(c), is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity), which is now ripe for consideration.

The facts that are relevant to the proper disposition of Fidelity's Motion are not even in dispute. Fidelity, acting in its capacity as a WYO carrier in the National Flood Insurance Program, issued a Standard Flood Insurance Policy (SFIP) covering the residential property of Plaintiff, Holly Cooper-Roell, in Galveston, Texas. The policy was in effect when Plaintiff's property was damaged by flooding during Hurricane Ike. On November 25, 2008, Plaintiff submitted two timely[1] proofs of loss for a total claim of $61,565.34, which Fidelity paid in full on December 15, 2008. Plaintiff never submitted another proof of loss for any more insurance proceeds. On August 7, 2009, the final extension granted by FEMA for the filing of a proof of loss for Hurricane Ike property damage expired. On September 13, 2010, Plaintiff filed this lawsuit seeking additional money under the policy.

---

[1] These proofs of loss were filed during the first extension period granted by FEMA.

Fidelity has moved for summary judgment because Plaintiff failed to submit an additional proof of loss to justify her claim for more insurance proceeds. It is beyond doubt that a lawsuit for additional insurance benefits under an SFIP cannot be legitimately pursued unless the insured strictly complies with all of the policy's requirements, including the submission of a proof of loss for any further benefits. <u>Marseilles Homeowners Condominiums v. Fidelity National Insurance Co.</u>, 542 F.3d 1053, 1056 (5th Cir. 2008)   Plaintiff concedes that she did not do so and that failure is fatal to her claim.

While this Court has sympathy for the personal, psychological and financial hardships Plaintiff suffered in the aftermath of Hurricane Ike, those adversities cannot excuse her failure to file a proof of loss[2] or permit her to equitably estop Fidelity, as a fiscal agent for the government, from asserting that failure as a basis for denying her additional claim and seeking summary judgment.

It is, therefore **ORDERED** that the Motion for Summary Judgment (Instrument no. 43) of Defendant, Fidelity National Property and Casualty Insurance Company, is **GRANTED** and that the Original Complaint of Plaintiff, Holly Cooper-Roell, is **DISMISSED, with prejudice**.

**DONE** at Galveston, Texas, this _____29th_____ day of March, 2013.

John R. Froeschner
United States Magistrate Judge

---

[2] The fact that Plaintiff may not have ever possessed a copy of the SFIP is inconsequential; Plaintiff is charged with the knowledge of the requirements of the SFIP as codified by federal regulation. <u>Federal Crop Insurance Corp. v. Merrill</u>, 332 U.S. 380, 384-85 (1947)